NOT DESIGNATED FOR PUBLICATION

No. 121,353

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDWARD JAMES BARNETT JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed December 20, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.


PER CURIAM: Edward James Barnett Jr. appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Barnett's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On June 6, 2016, Barnett pled guilty to one count of aggravated battery. On July 15, 2016, the district court sentenced Barnett to 16 months' imprisonment but granted a dispositional departure to probation for 24 months to be supervised by community corrections.

1

During probation, Barnett received both a 2-day jail sanction and 180-day prison sanction for technical violations of the conditions of his probation. At a hearing on February 22, 2018, the State alleged that Barnett again violated the conditions of his probation by failing to maintain contact with his supervising officer, failing to pay court fines, failing to submit to UAs, and failing to complete mental health treatment. The district court explained to Barnett that by stipulating to the allegations, he was giving up his right to a hearing and he would be found in violation of his probation. Barnett waived his right to a hearing and admitted to the violations. The district court revoked Barnett's probation and ordered him to serve his original prison sentence. Barnett timely appealed.

On appeal, Barnett claims the district court "abused its discretion by unreasonably revoking his probation." Barnett readily acknowledges that the district court possessed the discretion to revoke his probation due to his previous sanctions and his stipulation to the violations.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

In his motion for summary disposition, Barnett asserts that he was unaware that he was still required to report to his probation officer after he served his 180-day prison

2

sanction. But Barnett admitted this violation in district court after he was told he had a right to an evidentiary hearing. Barnett also admitted that he failed to pay court fines, failed to submit to UAs, and failed to complete mental health treatment. The district court did not err in finding that Barnett violated the conditions of his probation.

Barnett concedes that the district court correctly found that he had received the intermediate sanctions required by law. See K.S.A. 2018 Supp. 22-3716(c)(1)(E). Barnett also concedes that the district court did not have to impose additional intermediate sanctions because his probation was originally granted as the result of a dispositional departure. See K.S.A. 2018 Supp. 22-3716(c)(9)(B).

The record shows that the district court gave Barnett many chances to succeed on probation, but he could not comply with the basic conditions of his supervision. The district court's decision to revoke Barnett's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Barnett has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentence.

Affirmed.